[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13305

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANGEL BELLO-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cr-00032-MW-MJF-1

_____

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Angel Bello-Flores appeals his 168-month sentence for conspiracy to distribute and possess with intent to distribute a mixture containing methamphetamine, arguing that his sentence was substantively unreasonable because it was higher than the sentences imposed on his similarly situated co-conspirators, Olga Orozco and Nicholas Ingerman. After careful review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). The district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly-situated defendants. *Id.* § 3553(a)(1), (3)–(7).

The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). Nevertheless, a district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotations omitted).

"[D]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015) (quotations and alteration omitted). Nevertheless, when we do consider a claim of disparity, we first consider whether the defendant is similarly situated to the defendants to whom he compares himself. *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). In other words, "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotations omitted). This means that the district court should not draw comparisons to cases involving defendants who were convicted of less serious offenses, pleaded guilty, or lacked extensive criminal histories, if those things are not true of the defendant. *United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011). Indeed, evaluating alleged sentencing disparities among similarly situated defendants requires "more than the crime of conviction and the total length of the sentences." *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). "The underlying

facts of the crime and all of the individual characteristics are relevant." *Id.*

Although we do not automatically presume that a sentence within the Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

Here, Bello-Flores has not shown that his 168-month sentence is substantively unreasonable. For starters, the district court heard the parties' arguments and testimony from Bello-Flores and his family members, and expressly said that it had considered the § 3553(a) factors. The court found significant Bello-Flores's offense conduct -- that he had helped distribute at least 537 ounces of methamphetamine while incarcerated for trafficking methamphetamine, and "[went] back to [his] old sources" -- and noted that trafficking meth is "essentially peddling death on the streets. I mean, meth is destroying communities." The court also discussed the mitigating factors, including Bello-Flores's arthritis, but determined that the type and quantity of the drug involved, along with the fact that he engaged in the instant conduct while serving a lengthy sentence for similar conduct, were "incredible aggravators" that outweighed the mitigation.

On this record, the district court did not fail to consider relevant factors that were due significant weight, it did not give

23-13305                Opinion of the Court                5

significant weight to an improper factor, nor did it clearly err in considering the proper factors. *Irey*, 612 F.3d at 1189. Rather, the court balanced the mitigation factors against the other factors, and was permitted to attach greater weight to the seriousness of the offense conduct. *See Kuhlman*, 711 F.3d at 1327.

It's also worth noting that the district court originally calculated Bello-Flores's Guidelines range at 188 to 235 months of imprisonment based on the 2021 Guidelines in effect at the time of sentencing. However, in anticipation of changes due to take effect after sentencing, and to avoid resentencing, the court calculated the range under the 2023 Guidelines, resulting in an "effective" Guidelines range of 168 to 210 months' imprisonment. It then imposed a 168-month sentence at the bottom of this "effective" lower Guidelines range. Thus, Bello-Flores's sentence was well within the Guidelines range, which further suggests that his sentence was reasonable. *See Hunt*, 526 F.3d at 746.

To the extent that Bello-Flores relies on the difference between his sentence and those of his co-conspirators, Olga Orozco and Nicholas Ingerman, to argue unwarranted disparity, disparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal. *Cavallo*, 790 F.3d at 1237. In any event, Bello-Flores was not similarly situated to Orozco or Ingerman.[1] *See Jayyousi*, 657 F.3d at 1118. Among other things,

---

[1] We take judicial notice of the documents from Orozco's and Ingerman's criminal proceedings that are relevant to Bello-Flores's appeal. *See United*

Bello-Flores has an extensive criminal history and was incarcerated for a similar crime at the time of the offense conduct. Orozco and Ingerman, for their part, were not incarcerated at the time of the offense conduct. In addition, unlike Bello-Flores, Orozco cooperated with the government, and Ingerman received a reduction and sentence below the mandatory minimum for substantial assistance. Thus, Bello-Flores has not shown an unwarranted disparity in the imposition of his sentence.

Finally, to the extent Bello-Flores intends to argue that the court erred by effectively sentencing him to 349 months' imprisonment because his federal sentence was imposed consecutive to his state sentence, we disagree. As the district court noted, the offenses were not related, and Bello-Flores committed a new offense while in custody for a similar crime. Further, because the offense was committed while Bello-Flores was serving a term of imprisonment, the court properly imposed the sentences to run consecutively. *See* U.S.S.G. § 5G1.3(a) (providing that the sentence for an offense committed while the defendant was serving a term of imprisonment shall be imposed to run consecutively to the undischarged term of imprisonment). Accordingly, we affirm.

**AFFIRMED.**

---

*States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (noting that we may take judicial notice of our own records and the records of the district courts).